MALPICA, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1, Refusing Admission to Record of a Deed of Sale.

No. 183.—Decided June 27, 1914.

RECORD OF TITLE—PROPERTY SITUATED IN TWO DISTRICTS.—When a property is recorded in one district and later is found to lie in two different municipal districts, it is not necessary to make a previous record in favor of the vendor in the second municipal district.

ID.—STATEMENT OF PURCHASER.—The bare statement of the purchaser as to the portions lying in the different municipal districts is not sufficient for the admission of the title to record.

ID.—CURABLE DEFECT—DESCRIPTION OF PROPERTY.—The boundaries and area of a property are requisites which should be shown in the registry of property, and the lack thereof constitutes a curable defect.

The facts are stated in the opinion.

*Mr. José G. Torres* for the appellant.

Mr. José S. Belaval, the registrar, did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Spanish Government had recorded in the Registry of Property of San Juan a property containing 400 *cuerdas* of land situated in the district of Loíza, ward of Canóvanas, which property was purchased at public auction by Javier Zequeira who conveyed his rights to Eugenio Malpica. Consequently, on December 18, 1885, the Spanish Government executed a deed of sale to Malpica, setting out in the deed that from a survey of the property by the Inspector of Forests, after summoning the adjoining owners, it resulted that the property contained 419 *cuerdas* and 4.522 *varas,* instead of 400 *cuerdas,* thereby increasing the price to the extent of the difference; that the property was situated in the district of Loíza, ward of Canóvanas, and district of Río Grande, ward of Ciénega Alta, but that as the dividing lines of the districts were not well defined it was impossible to determine

the portion of land lying in each district although the portion lying in the district of Loíza was much greater than the other.

The said instrument being presented now in the Registry of Property of San Juan for admission to record, accompanied by a document signed by the attorney for Malpica in which he states that of the 419 *cuerdas* purchased by his client 210 are in the district of Loíza, ward of Canóvanas, and 209 in the district of Río Grande, ward of Ciénega Alta, the registrar admitted the same to record in the manner appearing in the following decision from which the present administrative appeal was taken:

"The foregoing document is recorded on folio 225, volume 1 of Loíza, property number 43, record number 2, except as to the indeterminate portion of the said property said to be situated in Río Grande, the admission to record of which is refused because it does not appear recorded in the name of the Government. After considering other documents presented, a cautionary notice has been entered for the legal period on said record number 2 with the curable defect that the portion situated in each municipal district is not described. San Juan, P. R., March 19, 1914."

For the better decision of the appeal we asked the registrar to send up a literal copy of the entry to which the foregoing decision refers. The certified copy received states, among other things, that the second record of property number 43, which appears on folio 25, over, of volume 1 of Loíza, reads as follows:

"2. RURAL. Land in the ward of Canóvanas of the district of Loíza, the description and unencumbered condition of which is shown in the foregoing entry of record, the description being the same as that contained in the title deed presented although it is described anew in the latter. * * *.

"Therefore, and seeing that the indeterminate portion of this property said to be situated in Río Grande does not appear to be recorded in the name of the State, I refuse to record the said portion and make an entry of the possession in favor of Eugenio Malpica of the property under this number by title of purchase under the

said conditions, calling attention to the curable defect that the portion situated in each municipal district is not described  *  *  *."

From the foregoing it results that the property was recorded in the name of the vendor as being all within one municipal district and that it was ascertained by the survey made by the Inspector of Forests that a part of the property was situated in Loíza and another part in Río Grande although the respective portions could not be determined.  Therefore, as the vendor had his right recorded it cannot be maintained that if the part lying in the district of Río Grande had to be recorded it would be necessary that it be first recorded in the books of the said municipal district in the name of the Spanish Government although, as a matter of fact, it could not be recorded in favor of the purchaser in this case, because as the said survey did not show the exact portion situated in Río Grande the registrar would not have sufficient data for admitting it to record, inasmuch as the uncorroborated statement of the purchaser to the effect that 209 *cuerdas* were situated in the said municipal district is not sufficient to determine that fact in view of the relation between the said fact and the location of the boundary lines of the different municipalities.

And as to the curable defect pointed out in the record made in the books of Loíza, namely, that the part situated in each municipal district was not described, we are of the opinion that the registrar was right on that point inasmuch as the boundaries and the area are requisites which should be shown in the records of properties.

The decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.